COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


SHAKINA NICOLE PIATT

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0704-07-4                          JUDGE JERE M. H. WILLIS, JR.
                                                               DECEMBER 27, 2007
ANTHONY COLVIN


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                            Richard B. Potter, Judge

                Roy J. Baldwin (Bruce R. Eells; The Baldwin Law Firm, LLC, on
                brief), for appellant.

                Gregory A. Porter for appellee.


        On appeal from the dismissal of her appeal of an order entered by the juvenile and

domestic relations district court (JDR court), Shakina Nicole Piatt contends the trial court erred

by ruling (1) that she failed to sign the notice of appeal and (2) that she failed to comply with the

signing requirements of Rule 8:8(a) when she printed her name in block letters on the notice of

appeal rather than writing her name in cursive script.  We affirm the judgment of the trial court.

                                        Background

        The parties were divorced by final decree entered in 2004, which granted primary physical

custody of the parties' minor child to Piatt and visitation rights to Anthony Colvin.  In 2006, Colvin

moved for a change in custody and, on January 18, 2007, the JDR court granted him sole legal and

physical custody of the child.  On January 26, 2007, a notice of appeal was filed on Piatt's behalf.

The notice of appeal contains, on the line denoted "appellant," the name "Shakina Nicole Piatt"

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

handwritten in block letter style, not in cursive or connected style where the letters in each word are attached, making a word one single, complex stroke. The record also contains a document entitled "Notice of Change of Address," which is dated January 26, 2007 and contains the name "Shakina Piatt" in cursive handwriting.

Colvin moved to dismiss Piatt's appeal on the ground that the notice of appeal was not signed by either Piatt or anyone on her behalf. He asserted that Rule 8:8(a) requires a signature on pleadings and that the block letter printed name "Shakina Nicole Piatt" on the notice of appeal was not a signature.[1] He argued that because the notice of appeal was not properly executed, the trial court lacked jurisdiction to hear Piatt's appeal.

At the hearing held on the motion to dismiss, Colvin testified that the handwritten, block letter name on the notice of appeal did not appear to be Piatt's signature. Although given notice at the address she had designated, Piatt did not attend the hearing. No evidence was presented as to by whom, or under what circumstances, the block letter name had been written. Noting Colvin's testimony and the disparity between the block letter and cursive writings, the trial court found that the notice of appeal was not "signed" by Piatt or by anyone on her behalf. It concluded that the notice of appeal failed to comply with Rule 8:8(a). It ruled that because the notice of appeal was not properly executed, it lacked jurisdiction to hear Piatt's appeal. It dismissed the appeal.

Analysis

The judgment of the trial court will not be set aside unless it is "plainly wrong or without evidence to support it." Code § 8.01-680.

The trial court's holding that Piatt did not sign the notice of appeal and that it was not signed on her behalf was a finding of fact supported by the evidence. Colvin testified that her name as

---

[1] Rule 8:8(a) provides in pertinent part: "[C]ounsel of record who files a pleading shall sign it . . . ." Rule 8:2(b)(2) provides that counsel of record includes a party who appears in court *pro se*.

printed on the notice of appeal did not appear to be her signature. The printed name was unmistakably different from the cursive imprint of her name on the notice of change of address. No evidence disclosed that she placed the printed name on the notice of appeal or that anyone else did so on her behalf. The trial court's factual finding was thus based on credible and uncontradicted evidence. That finding will not be disturbed on appeal.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>